

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Filed
D.C. Superior Court
02/09/2018 10:58AM
Clerk of the Court

BINETOU NDIAYA
_____
Plaintiff
vs.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
_____
Defendant

Case Number  2018 CA 000227 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Samuel B. Scott, Esq.
Name of Plaintiff's Attorney

Christian Ashin & Brown, PC
Address
7305 Baltimore Ave., #305, College Park, MD 20740

(301) 277-9171
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  02/09/2018

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                 Super. Ct. Civ. R. 4

Filed
D.C. Superior Court
01/19/2018 18:25BM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **BINETOU NDIAYA**<br>772 Oglethorpe Street, NE<br>Washington, D.C. 20011<br><br>          Plaintiff<br>vs.<br><br>**WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY**<br>600 Fifty Street, N.W.<br>Washington, DC 20001<br><br>Serve: Carol O'Keeffe, Esquire<br>       General Counsel's Office<br>       WMATA<br>       600 Fifth Street, N.W.<br>       Washington, DC 20001<br><br>          Defendant. | Case Number: 2018 CA 000227 B |

## COMPLAINT

COMES NOW, the Plaintiff, Binetou Ndiaya, by and through her attorneys, Christian, Ashin, & Brown, P.C. and Samuel Scott, and files suit against the Defendant, Washington Metropolitan Area Transit Authority ("WMATA"), and as grounds in support thereof states as follows:

1. Jurisdiction is vested in this Court in that the Defendant's negligent acts occurred in the District of Columbia, the Defendant's agent's/employee's/servant's negligent acts occurred in the District of Columbia, pursuant to D.C. Code § 11-921 and § 13-423, and the amount in controversy exceeds Ten Thousand Dollars ($10,000.00).

2. At all times relevant herein, Defendant WMATA was the owner and/or operator of the Metro subway system being operated by its employees, servants, and/or agents.

CHRISTIAN, ASHIN
& BROWN, P.C.
7305 BALTIMORE AVENUE
SUITE 305
COLLEGE PARK, MARYLAND 20740

(301) 277-9112

3. At all times relevant herein, Defendant WMATA's employees, servants, and/or agents were operating within the scope of their employment, servitude, and/or agency with WMATA.

4. Defendant WMATA was created when Congress approved the Washington Metropolitan Area Transit Authority Compact ("WMATA Compact"), D.C. Code §§9-1107.01, et seq., which was signed by the District of Columbia, Maryland, and Virginia.

5. Under the WMATA Compact, WMATA is liable for its negligent acts and/or omissions, and for the negligent acts and/or omissions of its directors, officers, employees, and agents committed in the conduct of any proprietary function. D.C. Code § 9-1107.01(80).

6. Mass transportation is a proprietary function within the meaning of the WMATA Compact.

7. On January 12, 2015, Plaintiff Ndiaya was a passenger on WMATA Train 302, a six-car passenger train traveling on the Yellow line toward Huntington, Virginia, with hundreds of passengers on board.

8. At approximately 3:15 P.M., after leaving L'Enfant Plaza station and traveling several hundred feet down the track, Train 302 encountered dense smoke in the tunnel and came to an abrupt stop.

9. Upon information and belief, a circuit breaker had tripped on the conductor running along the train tracks that supplies high-voltage electric power to the WMATA trains (the "third-rail") in the tunnel approximately ten minutes before Train 302 entered that section of track, but went uninvestigated by Defendant WMATA.

10. Train 302 became disabled in the tunnel, had no power, and was illuminated only by emergency lighting.

11. Passengers on Train 302 were repeatedly instructed by Defendant WMATA, its employees, servants, and/or agents, to remain claim, stay on the train, and to keep the doors closed.

12. Passengers on Train 302 were repeatedly instructed by Defendant WMATA, its employees, servants, and/or agents to keep the doors closed as their train would be returning to L'Enfant Plaza station in short order.

13. At approximately 3:16 P.M., Defendant WMATA attempted to activate ventilation fans to evacuate the smoke from the relevant section of tunnel.

14. Upon information and belief, the fans failed to achieve their objective due to their failure to activate, their activation in the wrong direction, or some other cause.

15. According to the National Transportation Safety Board's Preliminary Report[1] on the incident released January 16, 2015, the smoke in the tunnel was caused by "severe electrical arcing" from the third rail approximately 1,100 feet ahead of where Train 302 stopped.

16. At approximately 3:22 P.M., Defendant WMATA made a 9-1-1 call reporting the smoke in L'Enfant Plaza Station.

17. At approximately 3:31 P.M., emergency responders arrived on-scene at L'Enfant Plaza station. Efforts of the emergency personnel are hampered because Defendant WMATA did not update its signal-boosting and signal-relaying equipment to ensure compatibility with the emergency responder equipment.

18. Defendant WMATA was notified of the problem with signal-boosting/relaying equipment at the L'Enfant Plaza station on, or before, January 8, 2015.

CHRISTIAN, ASHIN & BROWN, P.C.
7600 BALTIMORE AVENUE
SUITE 304
COLLEGE PARK, MARYLAND 20740
(301) 277-517?

---

[1] NATIONAL TRANSPORTATION SAFETY BOARD, *Preliminary Report: WMATA Smoke and Electrical Arcing Accident in Washington, DC*, Jan. 16, 2015, http://www.ntsb.gov/investigations/AccidentReports/Pages/DCA15FR004_preliminary.aspx

19. At approximately 3:44 P.M., Defendant WMATA confirms with emergency responders that electricity to the relevant sections of the track had been shut-off so emergency personnel can safely access Train 302.

20. Not until approximately 4:00 P.M. are passengers evacuated from Train 302.

21. Over the course of the approximately 45 minutes Plaintiff Ndiaya was trapped in the smoke-filled train, she experienced severe difficulty breathing.

22. Plaintiff further alleges that, at all times pertinent hereto, Defendant WMATA's trains, railroad operations, tunnels, tracks, and adjoining railroad tracks (hereinafter, "Metro property") were owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, overseen, patrolled, and supervised by Defendant WMATA, its employees, servants, and/or agents.

23. On January 12, 2015, and prior thereto, Defendant WMATA was responsible for maintaining and ensuring the safe use and proper condition of the railroad operations and properties (commonly known as "Metro") including, but not limited to, locomotives, trains, signs, signals, switches, safety devices, communication devices, and other equipment at, and along, the Metro property, and for properly and safely managing, overseeing, and coordinating the travel of railroad trains upon, and along, said property.

24. At all times pertinent hereto, Defendant WMATA, as a common carrier, owed a duty of reasonable care to its passengers, including Plaintiff Ndiaya.

25. Defendant WMATA breached its duty to Plaintiff by failing to properly inspect and maintain the third-rail running through the relevant section of tunnel.

26. Defendant WMATA breached its duty to Plaintiff by failing to properly inspect and maintain the ventilation system through the relevant section of tunnel

CHRISTIAN, ASHIN
& BROWN, P.C.
7309 BALTIMORE AVENUE
SUITE 309
COLLEGE PARK, MARYLAND 20740

(301) 277-9471

27. Defendant WMATA breached its duty to Plaintiff by failing to properly train its agents, servants, and/or employees in the proper activation and use of the ventilation system in the event of a fire or smoke emergency.

28. Defendant WMATA breached its duty to Plaintiff by failing to calibrate its radio equipment to be compatible with the emergency responder's, despite having clear notice of its non-compliance.

29. Defendant WMATA breached its duty to Plaintiff by failing to equip its trains, specifically the train on which Plaintiff was a passenger, with safety equipment adequate for emergencies of the nature alleged in this complaint.

30. Defendant WMATA breached its duty to Plaintiff by failing to adequately investigate the third-rail circuit breaker that tripped at approximately 3:06 P.M on January 12, 2015.

31. Defendant WMATA breached its duty to Plaintiff by failing to move Train 302 to a safe location after it first encountered smoke in the tunnel.

32. Defendant WMATA breached its duty to Plaintiff by failing, in a timely manner, to shut off electricity to the third-rail in the relevant section of tunnel.

33. Defendant WMATA breached its duty to Plaintiff by failing, in a timely manner, to inform emergency personnel that electricity had been shut off to the third-rail in the relevant section of tunnel.

34. Defendant WMATA breached its duty to Plaintiff by failing to, in a timely manner, evacuate Train 302 if, and when it was determined that the train could, or would, not be moved and its cars were filled with smoke.

35. Defendant WMATA breached its duty to Plaintiff by otherwise negligently, carelessly, and wrongfully failing to take reasonable precautions to protect its passengers from injury and harm.

CHRISTIAN, AUMIN
& BROWN, P.C.
7203 BALTIMORE AVENUE
SUITE 305
COLLEGE PARK, MARYLAND 20740

(301) 277-1101

36. As a direct and proximate result of Defendant WMATA's aforementioned negligent acts, Plaintiff Ndiaya was caused to sustain serious personal injuries to her body, including, but not limited to, her head, stomach, and lungs from smoke inhalation; insofar as she was trapped in Train 302 for nearly 45 minutes as it filled with smoke, she was also caused to experience pain, suffering, trauma, mental anguish, fright, and fear of death.

**WHEREFORE**, Plaintiff, Binetou Ndiaya, prey this honorable court to enter judgment against Defendant WMATA in the amount of Three Million Dollars ($3,000,000.00), an amount to be determined at a trial by a jury, plus the costs of this suit, interest and such other and further relief as this Court deems just and proper.

CHRISTIAN, ASHIN & BROWN, P.C.

Samuel B. Scott, #198648
Attorney for Plaintiff
7305 Baltimore Ave., Suite 305
College Park, MD 20740
(301) 277-9171

### JURY DEMAND

Plaintiff demands a trial by a jury as to all issues of fact herein.

Samuel B. Scott, #198648
Attorney for Plaintiff

CHRISTIAN, ASHIN
& BROWN, P.C.
7305 BALTIMORE AVENUE
SUITE 305
COLLEGE PARK, MARYLAND 20740

(301) 277-9171



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

BINETOU NDIAYA
Vs.                                                                                  C.A. No.    2018 CA 000227 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                                    Chief Judge Robert E. Morin

Case Assigned to: Judge ELIZABETH WINGO
Date: January 12, 2018
Initial Conference: 9:30 am, Friday, April 20, 2018
Location: Courtroom A-47
              515 5th Street NW
              WASHINGTON, DC 20001

CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60